PETER P. EDRINGTON, Esq. (074355)
JAMES M. MARZAN, Esq. (133931)
EDRINGTON, SCHIRMER & MURPHY
2300 Contra Costa Boulevard, Suite 450
Pleasant Hill, CA 94523-3936
Telephone: (925) 827-3300
Facsimile: (925) 827-3320

Attorneys for Defendant
FREMONT UNIFIED SCHOOL DISTRICT

UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOT EGGERLING,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>FREMONT UNIFIED SCHOOL DISTRICT,<br>a public entity,<br><br>　　　　Defendant. | CASE NO.: C-08-02401 WHA<br><br>**DEFENDANT FREMONT UNIFIED SCHOOL DISTRICT'S ANSWER TO PLAINTIFF DOT EGGERLING'S COMPLAINT FOR MONETARY DAMAGES AND DECLARATORY RELIEF AND INJUNCTIVE RELIEF** |

## DEMAND FOR JURY TRIAL

Defendant FREMONT UNIFIED SCHOOL DISTRICT hereby demands a jury trial in this case.

## ANSWER

Comes now, defendant FREMONT UNIFIED SCHOOL DISTRICT and in answer to plaintiff's Complaint for Monetary Damages and Declaratory Relief and Injunctive Relief as follows:

1.　As to the allegations in paragraph 1, defendant acknowledges that the court has subject matter jurisdiction. Defendant denies plaintiff is entitled to any recovery.

2. As to the allegations in paragraph 2, defendant admits the court has authority to grant declaratory and injunctive relief. Defendant denies plaintiff is entitled to such relief.

3. As to the allegations in paragraph 3, defendant admits that venue is proper in this court. Defendant denies that any events or omissions give rise to the claims alleged or entitles plaintiff to any relief.

4. As to the allegations in paragraph 4, defendant admits the allegations contained in paragraph 4.

5. As to the allegations in paragraph 5, defendant admits said allegations.

6. As to the allegations in paragraph 6, defendant admits said allegations. Defendant denies any violation of FLSA and denies that plaintiff is entitled to any relief under FLSA.

7. As to the allegations in paragraph 7, defendant denies that it employed plaintiff as a vandal watcher; defendant admits that plaintiff was a Vandal Watcher as part of its Vandal Watch Program which was created, implemented and operated by defendant pursuant to the California Education Code §17574 and its predecessor statutes. Defendant denies plaintiff was an employee of defendant and denies she is entitled to the rights and benefits of FLSA. Defendant denies all remaining allegations of this paragraph.

8. As to the allegations in paragraph 8, defendant denies the allegations to the extent that the surveillance services plaintiff agreed to perform pursuant to her lease agreement authorized by California Education Code §17574, are characterized as job duties, responsibilities and/or work of an employee. Defendant denies plaintiff was an employee. Defendant admits that plaintiff, as a vandal watcher, had various responsibilities related to surveillance.

9. As to the allegations in paragraph 9, defendant denies that it employed plaintiff. Defendant admits that plaintiff was required to reside on defendant's property as part of the Vandal Watch Program pursuant to California Education Code

1 | §17574, which was subject to a written lease which could be terminated, but denies
2 | that it was a condition of employment. Defendant denies all remaining allegations of
3 | this paragraph.

4 |     10.    As to the allegations in paragraph 10, defendant denies said allegations.

5 |     11.    As to the allegations in paragraph 11, defendant denies that plaintiff
6 | worked as an employee and is entitled to wages. Defendant admits that pursuant to
7 | the terms and conditions of its Vandal Watch Program and lease agreement as
8 | authorized by law under California Education Code §17574, plaintiff had certain
9 | surveillance tasks: to be on the school premises during certain non-school hours
10 | performing surveillance and conducting patrol, completing log reports, periodically
11 | meeting with the site administrator and requiring plaintiff to be "first responder" to
12 | emergencies and to report to police/fire department personnel.

13 |     12.    As to the allegations in paragraph 12, defendant required plaintiff to
14 | execute written lease agreements pursuant to California Education Code §17574.
15 | Defendant denies that plaintiff was employed and denies that the lease agreements
16 | were unlawful.

17 |     13.    As to the allegations in paragraph 13, defendant denies said allegations.

18 |     14.    As to the allegations in paragraph 14, defendant denies said allegations.

19 |     15.    As to the allegations in paragraph 15, defendant incorporates by
20 | reference its answers to the allegations in paragraphs 1 – 14.

21 |     16.    As to the allegations in paragraph 16, defendant denies said allegations.

22 |     17.    As to the allegations in paragraph 17, defendant denies plaintiff was
23 | entitled to wages and denies all allegations contained therein.

24 |     18.    As to the allegations in paragraph 18, defendant denies plaintiff was
25 | entitled to wages and denies all allegations contained therein.

26 |     19.    As to the allegations in paragraph 19, incorporates by reference its
27 | answers to the allegations in paragraphs 1 – 18.

28 |     20.    As to the allegations in paragraph 20, defendant denies said allegations.

Answer to Complaint

21. As to the allegations in paragraph 21, defendant denies plaintiff was entitled to wages and denies all allegations contained therein.

22. As to the allegations in paragraph 22, defendant denies plaintiff is or was entitled to wages and denies all allegations contained therein.

23. As to the allegations in paragraph 23, defendant incorporates by reference its answers to the allegations in paragraphs 1-22.

24. As to the allegations in paragraph 24, defendant denies plaintiff is or was entitled to wages and denies all allegations contained therein.

25. As to the allegations in paragraph 25, defendant denies plaintiff is or was entitled to wages and denies all allegations contained therein.

26. As to the allegations in paragraph 26, defendant denies plaintiff is or was entitled to wages and denies all allegations contained therein.

27. As to the allegations in paragraph 27, defendant denies plaintiff is or was entitled to wages or any damages or relief and denies all allegations contained therein.

28. As to the allegations in paragraph 28, defendant incorporates by reference its answers to the allegations in paragraphs 1 – 27.

29. As to the allegations in paragraph 29, defendant denies said allegations. Defendant denies that plaintiff is entitled to declaratory or injunctive relief.

30. As to the allegations in paragraph 30, defendant denies said allegations. Defendant denies that plaintiff is entitled to declaratory or injunctive relief.

## AFFIRMATIVE DEFENSES

### FAILURE TO STATE A CAUSE OF ACTION

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Complaint, defendant alleges that plaintiff's Complaint fails to state a cause of action against this defendant.

### STATUTE OF LIMITATIONS

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Complaint, defendant alleges that plaintiff's causes of action and damages claims are barred by

4

Answer to Complaint

all applicable statute of limitations.

### GOVERNMENT CODE SECTION 820.2 and 815.2(b)

AS AND FOR A FURTHER SEPARATE, AFFIRMATIVE DEFENSE to the Complaint, defendant alleges that to the extent the acts complained of were within the discretion of public employees, defendant is immune from liability pursuant to the provisions of Government Code Sections 820.2 and 815.2(b).

### FAILURE TO MITIGATE

AS AND FOR A FURTHER SEPARATE, AFFIRMATIVE DEFENSE to the Complaint, defendant alleges that plaintiff was bound to exercise reasonable care and diligence to avoid loss and to minimize her damages, if any there were, and that the plaintiff may not recover for losses which could have been prevented by reasonable efforts on her part or by expenditures that she might reasonably have made.

### GOVERNMENT CODE SECTION 905

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Complaint, this defendant alleges that plaintiff's action is barred to the extent that plaintiff has failed to comply with Government Code Section 905.

### GOVERNMENT CODE SECTION 900, ET SEQ.

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Complaint, this defendant alleges that plaintiff's Complaint exceeds the scope of her claim, both in respect to theories of liability asserted and to injuries and damages claimed. It is therefore barred pursuant to Government Code Section 900, et seq.

### GOOD FAITH IMMUNITY

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Complaint, this defendant alleges that at all times relevant herein, it acted with a good faith belief that its actions were proper and lawful and did not violate clearly established law, and consequently, defendant is entitled to immunity.

//

//

### PRIVILEGED ACTS

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Complaint, this defendant alleges that the acts set forth in the Complaint are privileged, reasonable, and undertaken for legitimate purposes.

### CALIFORNIA GOVERNMENT CODE SECTION 818

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Complaint, defendant claims that it is immune from claims for punitive damages, pursuant to California Government Code Section 818.

### LACHES

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Complaint, defendant alleges that plaintiff's cause of action is barred under the Doctrine of Laches.

### CALIFORNIA GOVERNMENT CODE IMMUNITIES

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Complaint, defendant is immune from suit herein under applicable California immunity statutes, including but not limited to California Government Code sections 818, 818.2, 818.4, 818.8, 820.4, 820.6, 820.8, 821, 821.2, 821.6, 821.8 and 822.2.

### ADMINISTRATIVE REMEDIES

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Complaint, defendant alleges that plaintiff has failed to exhaust all available administrative remedies, as required by law.

### EDUCATION CODE §17574, et seq.

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Complaint, defendant alleges that plaintiff agreed to perform surveillance/vandal watch services pursuant to lease agreement; that the terms of the lease, including the consideration thereto, were proper, lawful and binding and defendant is not subject to liability pursuant to the provisions of California Education Code, §17574, et seq.

//

### ESTOPPEL/UNCLEAN HANDS

AS AND FOR A FURTHER SEPARATE AFFIRMATIVE DEFENSE to the Complaint, defendant alleges that plaintiff's Complaint is barred by the equitable doctrines of estoppel and unclean hands.

### ASSUMPTION OF RISK

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Complaint, this defendant alleges that if there were any risks and dangers involved in the matters set forth in plaintiff's Complaint, which defendant expressly denies, then said risks and dangers were open and apparent, fully understood by and known to said plaintiff and plaintiff voluntarily assumed said risks, and assumption of said risks was the sole, proximate cause of the alleged injuries and damages, if any there were.

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Complaint, defendant alleges that the hours claimed are not hours worked within the meaning of applicable laws so that minimum wage and overtime compensation need not be paid for those hours.

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Complaint, defendant alleges that at all times mentioned in the Complaint, the parties were exempt from and/or otherwise not entitled to the minimum wage and/or overtime requirements under law.

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Complaint, defendant alleges that plaintiff is not entitled to any damages because any act or omission by defendant was in good faith and defendant had reasonable grounds for believing that its conduct did not violate any provisions of the Labor Code or Industrial Welfare Commission order relating to the minimum wage.

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Complaint presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses, available. Defendant reserves the

right to assert additional affirmative defenses in the event investigation and discovery indicates that they would be appropriate.

WHEREFORE, defendant prays for relief as follows:

1. That plaintiff take nothing by her Complaint;
2. That defendant be awarded cost of suit herein;
3. That defendant be awarded attorney's fees and costs incurred in the defense of this action;
4. That plaintiff's claim for declaratory relief and injunctive relief be denied; and
5. For such other and further relief as the court deems just and proper.

DATED: June 2, 2008                    EDRINGTON, SCHIRMER & MURPHY

By _____
James M. Marzan
Attorney for Defendant
FREMONT UNIFIED SCHOOL DISTRICT

## PROOF OF SERVICE

I am a citizen of the United States. My business address is 2300 Contra Costa Boulevard, Suite 450, Pleasant Hill, CA 94523. I am employed in the County of Contra Costa where this service occurs. I am over the age of 18 years and not a party to the within cause. I am readily familiar with my employer's normal business practice for collection and processing of correspondence for mailing with the U.S. Postal Service and that practice is that correspondence is deposited with the U.S. Postal Service the same day as the day of collection in the ordinary course of business.

On June 2, 2008, following ordinary business practice, I served the attached document(s) described as **ANSWER TO PLAINTIFF'S COMPLAINT FOR MONETARY DAMAGES AND DECLARATORY RELIEF AND INJUNCTIVE RELIEF** on the interested parties in said action addressed as follows:

JOHN N. KITTA, Esq.
A. K. ABRAHAM, ESQ.
JOHN N. KITTA & ASSOCIATES
39560 Stevenson Place, Suite 217
Fremont, CA 94536

T: 510-797-7990
F: 510-745-8606

CHARLES G. WILLIAMS, ESQ.
4910 Seneca Park Loop
Fremont, CA 94538

T: 510-659-1953

_____ **(BY FACSIMILE)** by transmitting via facsimile the document(s) listed above to the facsimile number(s) set forth above, or as stated on the attached service list, on this date before 5:00 p.m.

X_____ **(BY MAIL)** by placing a true and correct copy of the document(s) listed above enclosed in sealed envelope(s) with postage fully prepaid in the U.S. Mail at Pleasant Hill, California.

_____ **(BY PERSONAL SERVICE)** by placing a true and correct copy of the document(s) listed above in sealed envelope(s) and causing said envelope(s) to be delivered by hand this date to the offices of the addressee(s).

_____ **(BY OVERNIGHT DELIVERY)** by placing a true and correct copy of the document(s) in a sealed envelope(s) and causing said envelope(s) to be delivered to an overnight delivery carrier with delivery fees provided for, addressed to the person(s) on whom it is to be served.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on June 2, 2008, at Pleasant Hill, California.

*/s/ Rosalie Loafea*
Rosalie Loafea