JOHN N. KITTA, ESQ. (SBN 71504)
JOHN N. KITTA & ASSOCIATES
39560 Stevenson Place, Suite 217
Fremont, CA 95436
Telephone: 510.797.7990
Fax: 510.745.8606

Charles G. Williams (SBN 172907)
4910 Seneca Park Loop
Fremont, California 94538
Telephone: 510.512.8895
Fax: 510.659.1953
charles.williams4450@gmail.com

UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOT EGGERLING,<br><br>    Plaintiff,<br><br>    vs.<br><br>FREMONT UNIFIED SCHOOL DISTRICT,<br><br>    Defendant | Related Case Nos.:<br><br>    **C 08-02401 JSW (ENE)**<br>    **C 08-02399**<br>    **C 08-02400**<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES BASED ON CALIFORNIA EDUCATION CODE SECTION 17574 AND BASED ON "NO COMMERCE"**<br><br>Date:        October __, 2008<br>Time:<br>Before:<br>Location:    **Courtroom 2, 17th Floor**<br>             **U.S. District Courthouse**<br>             **450 Golden Gate Avenue**<br>             **San Francisco. CA** |

**NOTICE IS HEREBY GIVEN TO DEFENDANT FREMONT UNIFIED SCHOOL DISTRICT AND ITS ATTORNEYS OF RECORD HEREIN THAT** at 9:00 a.m. or as soon thereafter as the matter may be heard on October 10, 2008 in Courtroom 2 of the above entitled Court located on the 17th Floor at 450 Golden Gate Avenue in San Francisco, California, plaintiffs Dot Eggerling, William Hess, and Luanne Hess, will and hereby do move this Court for

1

an order or such orders in each of these related and soon to be consolidated actions to strike defendant's affirmative defenses based on: (a) California Education Code Section 17574 and (b) "No Commerce" contained in defendant's Amended Answers, respectively filed in each of the related actions.

Plaintiffs' motion is and will be based on the grounds that each of defendant's above-referenced affirmative defenses is irrelevant, immaterial, or insufficient because as a matter of law neither affirmative defense can provide a legal defense to any of plaintiffs' asserted claims in these actions regardless of whatever facts or circumstances may be adduced related to such affirmative defenses.  See, e.g., Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc. (5th Cir. 1982) 677 F.2d 1045, 1057; SEC v. Sands (CD CA 1995) 902. F.Supp. 1149, 1165.

By granting this motion, the court will make any trial of these actions less complicated and will otherwise streamline the resolution of these actions, including the parties participation in the court's early neutral evaluation program.  Fantasy, Inc. v. Fogerty (9th Cir. 1993) 984 F.2d 1524, 1528 rev'd, on other grounds, Fogerty v. Fantasy, Inc. (1994) 510 U.S. 517, 534-535; California v. United States (ND Cal. 1981) 512 F. Supp. 36, 38.

Plaintiffs accordingly are entitled to an Order from this Court that: (1) each of the above-referenced affirmative defenses contained in defendant's respective Amended Answers is stricken because each does not apply to the claims plaintiffs have asserted in these actions and (2) defendant shall file a Second Amended Answer applicable to each plaintiffs' action which shall contain only those affirmative defenses contained in defendant's Amended Answer but which shall not include any affirmative defense under: (a) California Education Code Section 17574 or (b) based on any claim regarding whether defendant is or is not engaged in "interstate commerce" within the meaning of FLSA or otherwise.

///

///

///

# PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES AT ISSUE

## I. RELEVANT FACTUAL ALLEGATIONS

The operative factual allegations of these consolidated actions are identical. Plaintiffs allege they were employed by defendant, a public school district, as Vandal Watchers within defendant's Vandal Watch Program. (Plaintiffs' respective Complaints filed herein, ¶¶ 4-8). Among other duties as Vandal Watchers, plaintiffs were required to: (a) relocate their personally owned mobile homes to one of defendant's public school campuses; (b) reside in those homes on a full-time (24 hour) basis and (c) engage in various activities to deter and respond to vandalism at their respective campuses during "all hours when school was not in session." (Plaintiffs' respective Complaints filed herein, ¶¶ 7-9). According to plaintiffs, defendant defined "all hours when school was not in session" as: (1) all hours before and after school during those periods of the calendar year when school generally was in session and (2) all hours (24 hours per day) during those periods during the calendar year when school was not in session due to summer, holiday, or other breaks in the school calendar year. (Plaintiffs' respective Complaints filed herein, ¶ 8).

Plaintiffs further assert that defendant treated them as employees within the meaning of FLSA. (Plaintiffs' respective Complaints filed herein, ¶¶ 4-9). This treatment included but was not limited to: requiring plaintiffs to submit employment applications; assigning plaintiffs employee numbers; issuing plaintiffs employee paychecks from which defendant deducted employment taxes; generally representing to plaintiffs and others that plaintiffs were its employees; supervising and evaluating plaintiffs' job performance on a periodic basis solely determined by defendant based on criteria imposed by defendant; and treating plaintiffs as "employees" for purposes of coverage under defendant's worker's compensation insurance provisions. (Plaintiffs' respective Complaints filed herein, ¶¶ 7-9).

Despite its treatment of plaintiffs as employees in the above and other manners, plaintiffs contend defendant did not pay plaintiffs an hourly wage based on each hour plaintiffs actually worked. Defendant instead compensated plaintiffs only by paying each plaintiff one hour of

wages *per month* (at the then applicable State minimum wage rate) and by not charging plaintiffs rent for the leased land on which plaintiffs' mobile homes were located during their respective periods of employment. (Plaintiffs' respective Complaints filed herein, ¶ 10).

## II. LEGAL ANALYSIS

A court properly strikes an affirmative defense contained in a responsive pleading, based solely on the pleadings, where the affirmative defense is irrelevant, immaterial, or insufficient to any of the claims asserted in operative Complaint. In determining whether or not an affirmative defense is irrelevant, immaterial, or insufficient, a court looks to the operative Complaint, the asserted affirmative defense, and evaluates whether there are any set of facts or circumstances to be adduced under which the affirmative defense might apply. If there is no such set of facts or circumstances, a court properly may strike the affirmative defense. Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc. (5th Cir. 1982) 677 F.2d 1045, 1057; SEC v. Sands (CD CA 1995) 902. F.Supp. 1149, 1165. In assessing the need to strike an affirmative defense a court may also consider whether the failure to strike the affirmative defense will require the parties and the court to undertake otherwise needless pre-trial discovery or otherwise complicate or delay the litigation of the asserted claims on the merits. Fantasy, Inc. v. Fogerty (9th Cir. 1993) 984 F.2d 1524, 1528 rev'd, on other grounds, Fogerty v. Fantasy, Inc. (1994) 510 U.S. 517, 534-535; California v. United States (ND C 1981) 512 F. Supp. 36, 38.

As detailed below, the court should strike defendant's affirmative defenses at issue in this motion. Neither affirmative defense possibly can provide defendant with a viable legal defense to any of plaintiffs' asserted claims. In addition, if these improper defenses are not stricken, the parties will be compelled to engage in a host of pre-trial discovery related to these affirmative defenses – and all of this discovery ultimately will be for naught. Moreover, by striking these affirmative defenses now, the court will provide the parties and the early neutral evaluator to be assigned to these actions with a significantly more streamlined case thus increasing the likelihood that these actions will resolve themselves sooner rather than later.

///

///

**A. Defendant's Affirmative Defense Based On California State Law Is Inapplicable.**

Defendant's Amended Answer includes an affirmative defense based on California Education Code Section 17574. The essence of this affirmative defense is that defendant's compensation scheme regarding plaintiffs was authorized by, and compliant with, California Education Code Section 17574. For purposes of this motion, plaintiffs need not delve into the particulars of how plaintiffs believe California Education Code Section 17574 is properly interpreted, what facts defendant is required to establish to show it met all the requirements of Education Code Section 17574, or whether defendant possibly could adduce those required facts. Instead, as to these consolidated actions, defendant's inclusion of an affirmative defense premised on its alleged compliance with California Education Code Section 17574 presents a simple legal question:

> *as a matter of law, can an employer's affirmative defense premised solely on the employer's alleged compliance with a California State statute provide a legal defense to an action alleging only violations of the Fair Labor Standards Act?*

The clear and well-settled answer to this question is "No." The interpretation of FLSA in relation to other laws, including state laws, is concisely and explicitly detailed in FLSA, including at 29 C.F.R. §778.5:

> Various Federal, State, and local laws require the payment of minimum hourly, daily or weekly wages different from the minimum set forth in the Fair Labor Standards Act, and the payment of overtime compensation computed on bases different from those set forth in the Fair Labor Standards Act. Where such legislation is applicable and does not contravene the requirements of the Fair Labor Standards Act, nothing in the act, the regulations or the interpretations announced by the Administrator should be taken to override or nullify the provisions of these laws. **Compliance with other applicable legislation does not excuse noncompliance with the Fair Labor Standards Act.** Where a higher minimum wage than that set in the Fair Labor Standards Act is applicable to an employee by virtue of such other legislation, the regular rate of the employee, as the term is used in the Fair Labor Standards Act, cannot be lower than such applicable minimum, for the words "regular rate at which he is employed" as used in section 7

> must be construed to mean the regular rate at which he is lawfully employed.

29 C.F.R. §778.5 (emphasis added).

As Section 778.5 expressly states, an employer's compliance with other applicable legislation does not excuse the employer's noncompliance with FLSA. Thus, even assuming, as defendant's affirmative defense asserts, that defendant's compensation scheme with plaintiffs was authorized by and fully compliant with California Education Code Section 17574, such authorization and compliance would not provide defendant with a legal defense to the obligations plaintiffs allege defendant has to each of them pursuant to FLSA. 29 C.F.R. §778.5 (supra). Compliance with California State law simply is no defense to a claim under FLSA – because FLSA says it is not a defense.

There also is no viable argument or set of circumstances under which California Education Code Section 17574 could somehow – in and of itself – provide defendant with any relief from its obligations under FLSA by negating the plain language of 29 C.F.R. § 778.5. Even if California Education Code Section 17574 expressly or implicitly sought to alleviate defendant or other public school districts from FLSA's mandates, it could not do so. Because FLSA, including through the federal regulation referenced above, expressly states that an employer's compliance with state law is not a defense to its non-compliance with FLSA any state law that purports to provide such a defense is clearly preempted by FLSA. 29 U.S.C. § 218(a); Barnett Bank of Marion County, N.A. v. Nelson (1996) 517 U.S. 25, 31, U.S. Sup.Ct. 1103, 1108; Cranford v. City of Sidell E.D. La. (1998) 25 F.Supp.2d 727. See, also, Aguilar v. Association for Retarded Citizens (1991) 234 Cal.App.3d 21, 34-35, 285 Cal.Rptr. 515, 523 (holding that while California standards generally provide more protection to employees than federal laws, an employer must comply with whichever federal or state standard that provides the greatest protection to employees as to a particular wage issue).

For each of these reasons, California Education Code Section 17574 clearly is an affirmative defense that cannot provide a legal defense to any of plaintiffs' claims in these actions. It is

instead an affirmative defense that is irrelevant, immaterial, or insufficient that serves no legal purpose and which should be stricken.

Unless this affirmative defense is stricken, the parties will be required to conduct pre-trial discovery and potentially to engage in motion practice that ultimately would be immaterial to the litigation of these actions. The continued inclusion of this inapplicable affirmative defense also would likely serve to cloud otherwise clear issues during the early neutral evaluation process. Accordingly, plaintiffs respectfully request the court now strike this irrelevant, immaterial, or insufficient affirmative defense now and require defendant to file a Second Amended Answer that excludes any reference to California Education Code Section 17574.

**B. Defendant's Affirmative Defense Of "No Commerce" Also Does Not Apply.**

Defendant also proffers an affirmative defense in each action entitled "No Commerce," the essence of which is that defendant is not "engaged in interstate commerce" as FLSA uses that term. While defendant may or may not be engaged in interstate commerce within the meaning of FLSA, that issue has no bearing on plaintiffs' claims in these actions. FLSA's interstate commerce test does not and cannot apply in these actions.

In these actions, plaintiffs allege defendant is a public school district. Effective April 15, 1986, FLSA was amended to include public schools (and public school districts) as "public agencies" within the meaning of FLSA. In turn, all "public agencies" automatically are subject to FLSA's minimum and overtime wage provisions – without resort to any fact specific or other test regarding "interstate commerce." See, 29 U.S.C. §§ 203(d), (e)1, and (e)2(c); 29 C.F.R. §§ 775.2-775.4. Because no commerce test applies, defendant's affirmative defense premised on that non-existent test is necessarily irrelevant, immaterial, and insufficient regardless of what facts or circumstances possibly could be adduced in this litigation.

### III. CONCLUSION

As set forth above, defendant's Amended Answers respectively contain two affirmative defenses that regardless of any pre-trial discovery or facts otherwise to be adduced before or at trial simply cannot provide a legal defense to plaintiffs' respective claims. Striking these inapplicable affirmative defenses will place the parties and the court in a better position. In

addition to eliminating the need for the parties to conduct pre-trial discovery regarding these affirmative defenses, the parties will have fewer issues to address as part of the court's early neutral evaluation program. Plaintiffs' accordingly respectfully request an order that defendant strike each of these affirmative defenses from a second amended answer to be filed by defendant within 10 days of the court's entry of such an order.

///

                                   Respectively submitted,

September 2, 2008                     JOHN N. KITTA, ESQ. (SBN 71504)
                                   JOHN N. KITTA & ASSOCIATES
                                   39560 Stevenson Place, Suite 217
                                   Fremont, California 95436
                                   Telephone: 510.797.7990
                                   Fax: 510.745.8606

                                   Charles G. Williams (SBN 172907)
                                   4910 Seneca Park Loop
                                   Fremont, California 94538
                                   Telephone: 510.512.8895
                                   Fax: 510.659.1953
                                   charles.williams4450@gmail.com

                                   ATTORNEYS FOR PLAINTIFFS

                                           */e signed/*
                                       Charles G. Williams

UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOT EGGERLING,<br><br>        Plaintiff,<br><br>    vs.<br><br>FREMONT UNIFIED SCHOOL DISTRICT,<br><br>        Defendant | Consolidated Case Nos.:<br><br>    **C 08-02401 JSW (ENE)**<br>    **C 08-02399**<br>    **C 08-02400**<br><br>**PLAINTIFFS' [PROPOSED]ORDER REGARDING PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES BASED ON CALIFORNIA EDUCATION CODE SECTION 17574 AND BASED ON "NO COMMERCE"**<br><br>**Date:** October 10, 2008<br>**Time:** 9:00 a.m.<br>**Before:** Hon.<br>**Location:** Courtroom 2, 17th Floor<br>             U.S. District Courthouse<br>             450 Golden Gate Avenue<br>             San Francisco, CA |

    The motion of plaintiffs Dot Eggerling, William Hess, and Luanne Hess to strike defendant Fremont Unified School District's affirmative defenses based on California Education Code Section 17574 and "No Commerce" as asserted by defendant in each Amended Answer on file in these actions, came on regularly for hearing before this Court at 9:00 a.m. on October 10, 2008 or as soon thereafter as the matter could be heard. Charles G. Williams, Esq. appeared on

1

behalf of plaintiffs. James M. Marzan, Esq. appeared on behalf of defendant. The Court, having considered the papers filed regarding this motion, the relevant pleadings, the argument of counsel, and such other matters as properly could be considered, finds as follows:

IT IS HEREBY ORDERED THAT:

(1) Plaintiffs' motion to strike defendant's affirmative defenses based on California Education Code Section 17574 and "No Commerce" are hereby stricken on the grounds that each of these affirmative defenses is irrelevant, immaterial, or insufficient because, under any set of facts or circumstances, neither of these affirmative defenses possibly could provide defendant with a viable legal defense to the claims asserted by plaintiffs in these consolidated actions; and

(2) Defendant shall, within 10 days of the date of this Order, file and serve a "Second Amended Answer" as to each of these consolidated actions, which excludes the now stricken affirmative defenses but which is otherwise consistent with the matters contained in defendant's respective Amended Answers presently on file with the Court.

Dated: October ___, 2008

_____
The Hon. Jeffrey S. White
U.S. District Court Judge for
The Northern District of California